UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ZACHARY JOHNSON, and RUSSELL KEITH HILL,

                Plaintiffs,

      -against-

ERIC HOLDER, JR., United States Attorney General, JIM HOOD, Attorney General for the State of Mississippi, MICHAEL T. PARKER, United States Magistrate Judge, KEITH STARRETT, United States District Judge, JAMES L. DENNIS, United States Circuit Judge for the Fifth Circuit Court of Appeals, E. GRADY JOLLY, JR., United States Circuit Judge for the Fifth Circuit Court of Appeals, CAROLYN DINEEN KING, United States Circuit Judge for the Fifth Circuit Court of Appeals, JERRY E. SMITH, United States Circuit Judge for the Fifth Circuit Court of Appeals, PATRICK E. HIGGINBOTHAM, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, PHYLLIS J. PYLES, Attorney and Director, Torts Branch, United States Department of Justice, and ROYCE C. LAMBERTH, Chief United States District Judge for the U.S. District Court of Columbia,

                Defendants.

**ORDER**

**12-CV-6234 (NGG) (CLP)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JAN 10 2013 ★
BROOKLYN OFFICE

----------------------------------------------------------------x
NICHOLAS G. GARAUFIS, United States District Judge.

      On December 17, 2012, pro se Plaintiffs Zachary Johnson and Russell Keith Hill, prisoners incarcerated at South Mississippi Correctional Institution, filed the instant action pursuant to 42 U.S.C. § 1983. (See Compl. (Dkt. 1).) Johnson has moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (Dkt. 3.) For the reasons set forth below, the court orders that this matter be

---

[1] The court notes that Hill is barred from proceeding in forma pauperis by the so-called "three-strikes provision" of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g). See Hill v. Epps, 169 App'x 199, 201 (5th Cir. 2006).

1

TRANSFERRED to the United States District Court for the District of Columbia.

The individual defendants reside in Washington, D.C.; Jackson, Mississippi; Hattiesburg, Mississippi; New Orleans, Louisiana; Houston, Texas; and Austin, Texas. (See Compl.) None of Defendants resides in the Eastern District of New York. The crux of Plaintiffs' claims relate to events that are alleged to have occurred in Washington, D.C. (See Compl. at 3.) Therefore, the United States District Court for the Eastern District of New York is not the appropriate venue in which to file this action. See 28 U.S.C. § 1391(b). If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, in the interest of justice, the Clerk of Court is hereby directed to transfer this case to the United States District Court for the District of Columbia. See 28 U.S.C. §§ 88, 1406(a). The court offers no opinion on the merits of the action.[2] The decision on Johnson's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and enforcement of the Prison Litigation Reform Act is reserved for the transferee court. That provision of Local Rule 83.1 which requires a seven day stay is hereby waived. Summonses shall not issue from this Court. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
January 9, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The court further notes that Johnson has recently filed at least four similar complaints in district courts across the country. See Johnson v. U.S. Att'y Gen. et al., No. 12-CV-964 (S.D. Ohio Dec. 17, 2012); Johnson v. Holder, 12-CV-7026 (E.D. Pa. Dec. 17, 2012); Johnson v. Holder, No. 12-CV-2146 (D. Nev. Dec. 17, 2012); Johnson v. Holder, No. 12-CV-901 (D.D.C. June 5, 2012).